1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18               SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:07-cv-5704-CRB
    _____  )
21  *This document relates to*         )  **PFIZER INC., PHARMACIA**
                                       )  **CORPORATION, AND G.D.**
22  DANIEL SILVER, et. al.,            )  **SEARLE, LLC'S ANSWER TO**
                                       )  **COMPLAINT**
23         Plaintiffs,                 )
                                       )  **JURY DEMAND ENDORSED**
24      vs.                            )  **HEREIN**
                                       )
25  PFIZER, INC., PHARMACIA CORPORATION, )
    and G.D. SEARLE, LLC,              )
26                                     )
           Defendants.                 )
27  _____  )

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2   "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3   (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively

4   "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would

5   respectfully show the Court as follows:

6   ## I.

7   ## PRELIMINARY STATEMENT

8   The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9   Bextra® (valdecoxib) ("Bextra®").   Accordingly, this Answer can only be drafted generally.

10  Defendants may seek leave to amend this Answer when discovery reveals the specific time

11  periods in which Plaintiffs were prescribed and used Bextra®.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

12  ## II.

13  ## ANSWER

14  ## Response to Allegations Regarding Parties

15  1.   Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

18  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

21  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

22  providers who are by law authorized to prescribe drugs in accordance with their approval by the

23  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

28  and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    2.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations regarding Plaintiffs' age and citizenship, and, therefore, deny the same.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    3.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

5    business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

6    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

7    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

8    Bextra® in the United States, including the States of California, Ohio, South Carolina, Florida,

9    Illinois, Washington, Michigan, Arizona, Texas, and Maryland, to be prescribed by healthcare

10   providers who are by law authorized to prescribe drugs in accordance with their approval by the

11   FDA.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

12   vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

13   the truth of such allegations, and, therefore, deny the same.   Defendants deny the remaining

14   allegations in this paragraph of the Complaint.

15   4.    Defendants admit that Searle is a Delaware limited liability company with its principal

16   place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

17   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

18   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

19   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

20   deny the remaining allegations in this paragraph of the Complaint.

21   5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

22   business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

23   marketed and co-promoted Bextra® in the United States, including the States of California,

24   Ohio, South Carolina, Florida, Illinois, Washington, Michigan, Arizona, Texas, and Maryland,

25   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

26   accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations

27   regarding "predecessors in interest" are vague and ambiguous.   Defendants are without

28   knowledge or information to form a belief as to the truth of such allegations, and, therefore,

1    deny the same. Defendants deny the remaining allegations in this Paragraph of the Complaint.

2    **Response to Allegations Regarding Jurisdiction and Venue**

3    6.    Defendants are without knowledge or information to form a belief as to the truth of the

4    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

5    therefore, deny that the same. However, Defendants admit that Plaintiffs claim that the amount

6    in controversy exceeds $75,000, exclusive of interests and costs.

7    7.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship, and,

9    therefore, deny the same. However, Defendants admit that Plaintiffs claim that the parties are

10   diverse. Defendants deny the remaining allegations in this paragraph of the Complaint.

11   8.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding the judicial district in

13   which the asserted claims allegedly arose, and, therefore, deny the same. Defendants deny

14   committing a tort in the States of California, Ohio, South Carolina, Florida, Illinois,

15   Washington, Michigan, Arizona, Texas, and Maryland, and deny the remaining allegations in

16   this paragraph of the Complaint.

17   9.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

18   and co-promoted Bextra® in the United States, including the States of California, Ohio, South

19   Carolina, Florida, Illinois, Washington, Michigan, Arizona, Texas, and Maryland, to be

20   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

21   with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra®

22   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

23   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

24   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

25   admit that they provided FDA-approved prescribing information regarding Bextra®.

26   Defendants admit that they do business in the State of Texas. Defendants state that Plaintiffs'

27   allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are

28   without knowledge or information to form a belief as to the truth of such allegations, and,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Interdistrict Assignment

10.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

### Response to Factual Allegations

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

paragraph of the Complaint.

15.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

17.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

18.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

19.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, medical condition, and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

20.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

2  with its FDA-approved prescribing information.  Defendants state that the potential effects of

3  Bextra® were and are adequately described in its FDA-approved prescribing information,

4  which was at all times adequate and comported with applicable standards of care and law.

5  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6  the Complaint.

7  21.    Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

9  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14  the Complaint.

15  22.    Defendants admit that Bextra® was expected to reach consumers without substantial

16  change from the time of sale.  Defendants are without knowledge or information sufficient to

17  form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and,

18  therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the

19  Complaint.

20  23.    Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants are without knowledge or information sufficient to form a belief as to the truth of

25  the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same.

26  Defendants deny remaining the allegations in this paragraph of the Complaint.

27  24.    Defendants are without knowledge or information sufficient to form a belief as to the

28  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

25.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

26.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

28.    The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

29.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

1  of such allegations and, therefore, deny the same.

2  30.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

3  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

4  the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

5  conduct and deny the remaining allegations in this paragraph of the Complaint.

6  31.    Plaintiffs do not allege having used Celebrex® in this Complaint.    Nevertheless,

7  Defendants admit that Celebrex® was launched in the United States in February 1999.

8  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

9  FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

10  Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

11  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

12  with their approval by the FDA.    Defendants admit that, during certain periods of time,

13  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

14  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

15  providers who are by law authorized to prescribe drugs in accordance with their approval by the

16  FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

17  directed toward Defendants and, therefore, no response is required.  To the extent a response is

18  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

19  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.    Defendants

20  therefore lack sufficient information or knowledge to form a belief as to the truth of such

21  allegations and, therefore, deny same.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  32.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

24  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

25  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

26  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

27  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

28  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

2    this paragraph of the Complaint.

3    33.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

4    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

5    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

6    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

7    allegations in this paragraph of the Complaint.

8    34.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

9    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

10   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

11   the remaining allegations in this paragraph of the Complaint.

12   35.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

13   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

14   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

15   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

16   prescribing information.  Defendants state that the potential effects of Bextra® were and are

17   adequately described in its FDA-approved prescribing information, which at all times was

18   adequate and comported with applicable standards of care and law.  Defendants deny the

19   remaining allegations in this paragraph of the Complaint.

20   36.    Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which at all times was adequate and comported with applicable standards of care and law.

24   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

25   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

26   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

27   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

28   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

2  with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding

3  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

4  information to form a belief as to the truth of such allegations, and, therefore, deny the same.

5  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6  the Complaint.

7  37.      Defendants state that the referenced article speaks for itself and respectfully refer the

8  Court to the article for its actual language and text.  Any attempt to characterize the article is

9  denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

11  this paragraph of the Complaint.

12  38.      The allegations in this paragraph of the Complaint are not directed towards Defendants

13  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

14  state that the referenced article speaks for itself and respectfully refer the Court to the article for

15  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

16  the remaining allegations in this paragraph of the Complaint.

17  39.      Defendants admit that the New Drug Application for Bextra® was filed with the FDA

18  on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

19  16, 2001.   Defendants deny any wrongful conduct and the remaining allegations in this

20  paragraph of the Complaint.

21  40.      Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which at all times was adequate and comported with applicable standards of care and law.

25  Defendants deny the allegations in this paragraph of the Complaint.

26  41.      Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.   Defendants deny the allegations in this

28  paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

42.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without sufficient information to confirm or deny such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

1  Defendants deny the remaining allegations in this paragraph of the Complaint.

2  49.    Defendants state that the referenced article speaks for itself and respectfully refer the

3  Court to the article for its actual language and text.  Any attempt to characterize the article is

4  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5  50.    Defendants state that Bextra® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

7  this paragraph of the Complaint.

8  51.    Defendants state that the referenced article speaks for itself and respectfully refer the

9  Court to the article for its actual language and text.  Any attempt to characterize the article is

10  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11  52.    Defendants state that the referenced article speaks for itself and respectfully refer the

12  Court to the article for its actual language and text.  Any attempt to characterize the article is

13  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  53.    Defendants state that the referenced articles speak for themselves and respectfully refer

15  the Court to the articles for their actual language and text.  Any attempt to characterize the

16  articles is denied.   Defendants deny the remaining allegations in this paragraph of the

17  Complaint.

18  54.    Defendants state that the referenced article speaks for itself and respectfully refer the

19  Court to the article for its actual language and text.  Any attempt to characterize the article is

20  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  55.     Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.   Defendants deny the allegations in this

23  paragraph of the Complaint.

24  56.    Defendants state that the referenced article speaks for itself and respectfully refer the

25  Court to the article for its actual language and text.  Any attempt to characterize the article is

26  denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

27  paragraph of the Complaint.

28  57.    The allegations in this paragraph of the Complaint are not directed towards Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

ANSWER TO COMPLAINT – 3:07-cv-5704-CRB

and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

58.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

59.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

60.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

61.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

62.     The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    applicable standards of care and law. Defendants deny the remaining allegations in this

2    paragraph of the Complaint.

3    65.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information. Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

8    deny the remaining allegations in this paragraph of the Complaint.

9    66.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

10   Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005. Defendants state

11   that the referenced letter speaks for itself and respectfully refer the Court to the letter for its

12   actual language and text. Any attempt to characterize the letter is denied. Defendants admit

13   that the DDMAC sent a letter to Searle dated October 6, 1999. Defendants state that the

14   referenced letter speaks for itself and respectfully refer the Court to the letter for its actual

15   language and text. Any attempt to characterize the letter is denied. Defendants state that the

16   transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and

17   respectfully refer the Court to the transcripts for their actual language and text. Any attempt to

18   characterize the transcripts is denied. Defendants state that the referenced study speaks for

19   itself and respectfully refer the Court to the article for its actual language and text. Any attempt

20   to characterize the article is denied. Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22   67.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

23   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

24   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state

25   that the referenced press release speaks for itself and respectfully refer the Court to the press

26   release for its actual language and text. Any attempt to characterize the press release is denied.

27   Defendants state that the referenced article speaks for itself and respectfully refer the Court to

28   the article for its actual language and text. Any attempt to characterize the article is denied.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    68.    Defendants state that the referenced press release speaks for itself and respectfully refer

4    the Court to the press release for its actual language and text.  Any attempt to characterize the

5    press release is denied.    Defendants deny any wrongful conduct and deny the remaining

6    allegations in this paragraph of the Complaint.

7    69.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

8    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

9    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

10   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

11   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

12   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

13   accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

14   effective when used in accordance with its FDA-approved prescribing information.  Defendants

15   state that the potential effects of Bextra® were and are adequately described in its FDA-

16   approved prescribing information, which was at all times adequate and comported with

17   applicable standards of care and law.  Defendants admit, as indicated in the package insert

18   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

19   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

20   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21   70.    Defendants state that Bextra® was and is safe and effective when used in accordance

22   with its FDA-approved prescribing information.  Defendants state that the potential effects of

23   Bextra® were and are adequately described in its FDA-approved prescribing information,

24   which at all times was adequate and comported with applicable standards of care and law.

25   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

26   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

27   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

28   that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    71.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

2    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

3    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

4    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

5    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

6    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

7    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

8    effective when used in accordance with its FDA-approved prescribing information.  Defendants

9    state that the potential effects of Bextra® were and are adequately described in its FDA-

10   approved prescribing information, which was at all times adequate and comported with

11   applicable standards of care and law.  Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   72.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which at all times was adequate and comported with applicable standards of care and law.

17   Defendants deny the remaining allegations in this paragraph of the Complaint.

18   73.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint.

24   74.    Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Bextra® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    the Complaint.

2    75.    Defendants deny the allegations in this paragraph of the Complaint.

3    76.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

5    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

6    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

7    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

8    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

10   effective when used in accordance with its FDA-approved prescribing information.  Defendants

11   state that the potential effects of Bextra® were and are adequately described in its FDA-

12   approved prescribing information, which was at all times adequate and comported with

13   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

14   remaining allegations in this paragraph of the Complaint.

15   77.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations regarding and whether Plaintiffs  used Bextra® and, therefore, deny the

17   same.  Defendants state that the referenced press releases speak for themselves and respectfully

18   refer the Court to the press releases for their actual language and text.   Any attempt to

19   characterize the press releases is denied.  Defendants state that Bextra® was and is safe and

20   effective when used in accordance with its FDA-approved prescribing information.  Defendants

21   state that the potential effects of Bextra® were and are adequately described in its FDA-

22   approved prescribing information, which was at all times adequate and comported with

23   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

24   remaining allegations in this paragraph of the Complaint.

25   78.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations regarding and whether Plaintiffs  used Bextra® and, therefore, deny the

27   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

4    and deny the remaining allegations in this paragraph of the Complaint.

5    79.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

10    allegations in this paragraph of the Complaint.

11    80.    Defendants state that Bextra® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendants state that the potential effects of

13    Bextra® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16    the Complaint.

17    81.    Defendants deny any wrongful conduct and deny the remaining allegations in this

18    paragraph of the Complaint.

19    82.    Defendants state that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Bextra® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

24    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

25    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

26    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

27    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

28    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

1   with their approval by the FDA.   Defendants deny any wrongful conduct and deny the

2   remaining allegations in this paragraph of the Complaint.

3   83.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

5   by law authorized to prescribe drugs in accordance with their approval by the FDA.   Defendants

6   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

7   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

8   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

9   accordance with their approval by the FDA.   Defendants deny the remaining allegations in this

10  paragraph of the Complaint.

11  <center>**Response to First Cause of Action: Negligence**</center>

12  84.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

13  Complaint as if fully set forth herein.

14  85.    Defendants state that this paragraph of the Complaint contains legal contentions to

15  which no response is deemed required.   To the extent a response is deemed required,

16  Defendants admit that they had duties as are imposed by law but deny having breached such

17  duties.   Defendants state that the potential effects of Bextra® were and are adequately described

18  in its FDA-approved prescribing information, which was at all times adequate and comported

19  with applicable standards of care and law.   Defendants state that Bextra® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.   Defendants

21  deny the remaining allegations in this paragraph of the Complaint.

22  86.    Defendants state that this paragraph of the Complaint contains legal contentions to

23  which no response is deemed required.   To the extent a response is deemed required,

24  Defendants admit that they had duties as are imposed by law but deny having breached such

25  duties.   Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.   Defendants deny the remaining allegations in

27  this paragraph of the Complaint.

28  87.    Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

88.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

89.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

90.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Bextra® were and are adequately described in its FDA-approved prescribing information,

2    which was at all times adequate and comported with applicable standards of care and law.

3    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4    the Complaint.

5    92.    The allegations in this paragraph of the Complaint regarding Vioxx® are not directed

6    toward Defendants and, therefore, no response is required.  To the extent a response is deemed

7    required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in

8    this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient

9    information or knowledge to form a belief as to the truth of such allegations and, therefore,

10   deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in

11   this paragraph of the Complaint.

12   93.    Defendants state that the referenced article speaks for itself and respectfully refer the

13   Court to the article for its actual language and text.  Any attempt to characterize the article is

14   denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

15   paragraph of the Complaint.

16   94.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or

17   damage, and deny the remaining allegations in this paragraph of the Complaint.

18   95.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or

19   damage and deny the remaining allegations in this paragraph of the Complaint.

20   96.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or

21   damage, and deny the remaining allegations in this paragraph of the Complaint.

22                    **Response to Second Cause of Action: Strict Liability**

23   97.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24   Complaint as if fully set forth herein.

25   98.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

27   same.  Defendants admit that Bextra® was expected to reach consumers without substantial

28   change in the condition from the time of sale.  Defendants state that Bextra® was and is safe

and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

99.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

100.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

101.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

105.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

106.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

107.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants deny the remaining allegations in this paragraph of the Complaint.

2   110.    Defendants state that this paragraph of the Complaint contains legal contentions to

3   which no response is deemed required.    To the extent a response is deemed required,

4   Defendants admit that they had duties as are imposed by law but deny having breached such

5   duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendants deny the remaining allegations in this paragraph of the Complaint.

10  111.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

12  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17  112.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

19  deny the remaining allegations in this paragraph of the Complaint.

20  113.     Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25  the Complaint.

26  114.    Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

28  that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this

paragraph of the Complaint.

115.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

118.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

119.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

121.    Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

122.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

124.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the same.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

125.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  damage, and deny the remaining allegations in this paragraph of the Complaint.

2  128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or

3  damage, and deny the remaining allegations in this paragraph of the Complaint.

4  129.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or

5  damage, and deny the remaining allegations in this paragraph of the Complaint.

6  **Response to Fourth Cause of Action: Breach of Implied Warranty**

7  130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

8  Complaint as if fully set forth herein.

9  131.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

10  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

11  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

12  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

13  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

14  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

16  paragraph of the Complaint.

17  132.    Defendants admit that they provided FDA-approved prescribing information regarding

18  Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

19  Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

20  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

21  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

22  prescribing information.  Defendants deny the remaining allegations in this paragraph of the

23  Complaint.

24  133.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

26  same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

27  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

28  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

1  the remaining allegations in this paragraph of the Complaint.

2  134.    Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

4  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6  this paragraph of the Complaint.

7  135.    Defendants are without knowledge or information sufficient to form a belief as to the

8  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

9  same.  Defendants state that Bextra® was expected to reach consumers without substantial

10  change in the condition from the time of sale.  Defendants deny the remaining allegations in

11  this paragraph of the Complaint.

12  136.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

14  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

16  deny the remaining allegations in this paragraph of the Complaint.

17  137.     Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22  the Complaint.

23  138.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

25  that Bextra® caused Plaintiffs  injury or damage, and deny the remaining allegations in this

26  paragraph of the Complaint.

27  139.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs  injury or

28  damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

140.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

142.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

143.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.    To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

145.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

146.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants state that the potential effects of

2  Bextra® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

5  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

6  147.    Defendants state that Bextra® was and is safe and effective when used in accordance

7  with its FDA-approved prescribing information.  Defendants state that the potential effects of

8  Bextra® were and are adequately described in its FDA-approved prescribing information,

9  which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

11  the Complaint.

12  148.    Defendants deny any wrongful conduct and deny the remaining allegations in this

13  paragraph of the Complaint.

14  149.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

16  same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

17  paragraph of the Complaint.

18  150.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

20  same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

21  paragraph of the Complaint.

22  151.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations regarding whether Plaintiffs  used Bextra® and, therefore, deny the

24  same.  Defendants deny any wrongful conduct and deny the remaining allegations in this

25  paragraph of the Complaint.

26  152.    Defendants deny any wrongful conduct and deny the remaining allegations in this

27  paragraph of the Complaint.

28  153.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

2  same. Defendants state that Bextra® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information. Defendants state that the potential effects of

4  Bextra® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint.

8  154.    Defendants state that Bextra® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information. Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  155.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny

16  that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

17  paragraph of the Complaint.

18  156.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

19  damage, and deny the remaining allegations in this paragraph of the Complaint.

20  157.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22  158.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

23  damage, and deny the remaining allegations in this paragraph of the Complaint.

24  **Response to Sixth Cause of Action: Unjust Enrichment**

25  159.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26  Complaint as if fully set forth herein.

27  160.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

1   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

2   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

3   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

4   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5   accordance with their approval by the FDA. Defendants deny the remaining allegations in this

6   paragraph of the Complaint.

7   161.    Defendants are without knowledge or information sufficient to form a belief as to the

8   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

9   same. Defendants deny the remaining allegations in this paragraph of the Complaint.

10  162.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

12  same. Defendants deny the remaining allegations in this paragraph of the Complaint.

13  163.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15  same. Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information. Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  164.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

20  same. Defendants deny the remaining allegations in this paragraph of the Complaint.

21  165.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  **Response to Prayer for Relief**

24          Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

25  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

26  and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

### III.

2

### GENERAL DENIAL

3    Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

4    Complaint that have not been previously admitted, denied, or explained.

5

### IV.

6

### AFFIRMATIVE DEFENSES

7    Defendants reserve the right to rely upon any of the following or additional defenses to

8    claims asserted by Plaintiffs to the extent that such defenses are supported by information

9    developed through discovery or evidence at trial.  Defendants affirmatively show that:

10

### First Defense

11    1.    The Complaint fails to state a claim upon which relief can be granted.

12

### Second Defense

13    2.    Bextra® is a prescription medical product.  The federal government has preempted the

14    field of law applicable to the labeling and warning of prescription medical products.

15    Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

16    federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

17    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

18    and violate the Supremacy Clause of the United States Constitution.

19

### Third Defense

20    3.    At all relevant times, Defendants provided proper warnings, information and

21    instructions for the drug in accordance with generally recognized and prevailing standards in

22    existence at the time.

23

### Fourth Defense

24    4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

25    Bextra® conformed to the generally recognized, reasonably available, and reliable state of

26    knowledge at the time the drug was manufactured, marketed and distributed.

27

### Fifth Defense

28    5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

2   **Sixth Defense**

3   6.    Plaintiffs' action is barred by the statute of repose.

4   **Seventh Defense**

5   7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs  were

6   contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and

7   any recovery by Plaintiffs should be diminished accordingly.

8   **Eighth Defense**

9   8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

10  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

11  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

12  liable in any way.

13  **Ninth Defense**

14  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

15  intervening causes for which Defendants cannot be liable.

16  **Tenth Defense**

17  10.    Any injuries or expenses incurred by Plaintiffs  were not caused by Bextra®, but were

18  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

19  of God.

20  **Eleventh Defense**

21  11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs .

22  **Twelfth Defense**

23  12.    A manufacturer has no duty to warn patients or the general public of any risk,

24  contraindication, or adverse effect associated with the use of a prescription medical product.

25  Rather, the law requires that all such warnings and appropriate information be given to the

26  prescribing physician and the medical profession, which act as a "learned intermediary" in

27  determining the use of the product.  Bextra® is a prescription medical product, available only

28  on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs'

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1    treating and prescribing physicians.

2    **Thirteenth Defense**

3    13.    The product at issue was not in a defective condition or unreasonably dangerous at the

4    time it left the control of the manufacturer or seller.

5    **Fourteenth Defense**

6    14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

7    for its intended use and the warnings and instructions accompanying Bextra® at the time of the

8    occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

9    **Fifteenth Defense**

10    15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

11    Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

12    standard of care.

13    **Sixteenth Defense**

14    16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of

15    the product Bextra® after the product left the control of Defendants and any liability of

16    Defendants is therefore barred.

17    **Seventeenth Defense**

18    17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

19    Defendants.

20    **Eighteenth Defense**

21    18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

22    conditions unrelated to Bextra®.

23    **Nineteenth Defense**

24    19.    Plaintiffs  knew or should have known of any risk associated with Bextra®; therefore,

25    the doctrine of assumption of the risk bars or diminishes any recovery.

26    **Twentieth Defense**

27    20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

28    preempted in accordance with the Supremacy Clause of the United States Constitution and by

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

2                                    **Twenty-first Defense**

3    21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

4    the subject pharmaceutical product at issue was subject to and received pre-market approval by

5    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

6                                  **Twenty-second Defense**

7    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

8    Plaintiffs' Complaint was at all times in compliance with all federal regulations and statutes,

9    and Plaintiffs' causes of action are preempted.

10                                   **Twenty-third Defense**

11   23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

12   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

13   issue under applicable federal laws, regulations, and rules.

14                                  **Twenty-fourth Defense**

15   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

16   action concerning matters regulated by the Food and Drug Administration under applicable

17   federal laws, regulations, and rules.

18                                   **Twenty-fifth Defense**

19   25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

20   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

21   of Comment j to Section 402A of the Restatement (Second) of Torts.

22                                   **Twenty-sixth Defense**

23   26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

24   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

25   Restatement (Second) of Torts § 402A, Comment k.

26                                  **Twenty-seventh Defense**

27   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

28   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.     Defendants affirmatively aver that the imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of the States of South Carolina, Florida, Arkansas, Mississippi, and California, and would additionally violate Defendants' rights to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.     Plaintiffs   failed   to   provide   Defendants   with   timely   notice   of   any   alleged nonconformance to any express representation.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Thirty-sixth Defense**

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.     To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of South Carolina, Florida, Arkansas, Mississippi, and California.   Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)   permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs ; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs   and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any

1    punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of

2    punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including,

3    without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production*

4    *Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*,

5    519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

6                            **Thirty-ninth Defense**

7    39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

8    and marketing of Bextra®, if any, used in this case, included adequate warnings and

9    instructions with respect to the product's use in the package insert and other literature, and

10   conformed to the generally recognized, reasonably available, and reliable state of the

11   knowledge at the time the product was marketed.

12                            **Fortieth Defense**

13   40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

14   manufactured and labeled in accordance with the state-of-the-art industry standards existing at

15   the time of the sale.

16                            **Forty-first Defense**

17   41.    If Plaintiffs  have sustained injuries or losses as alleged in the Complaint, upon

18   information and belief, such injuries and losses were caused by the actions of persons not

19   having real or apparent authority to take said actions on behalf of Defendants and over whom

20   Defendants had no control and for whom Defendants may not be held accountable.

21                            **Forty-second Defense**

22   42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

23   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

24   intended, and was distributed with adequate and sufficient warnings.

25                            **Forty-third Defense**

26   43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

27   waiver, and/or estoppel.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Forty-fourth Defense

2    44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

3    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

4    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

5    independent of or far removed from Defendants' conduct.

6

### Forty-fifth Defense

7    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

8    did not proximately cause injuries or damages to Plaintiffs .

9

### Forty-sixth Defense

10    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

11    did not incur any ascertainable loss as a result of Defendants' conduct.

12

### Forty-seventh Defense

13    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

14    manufacturing, labeling, packaging, and any advertising of the product complied with the

15    applicable codes, standards and regulations established, adopted, promulgated or approved by

16    any applicable regulatory body, including but not limited to the United States, any state, and

17    any agency thereof.

18

### Forty-eighth Defense

19    48.    The claims must be dismissed because Plaintiffs  would have taken Bextra® even if the

20    product labeling contained the information that Plaintiffs contend should have been provided.

21

### Forty-ninth Defense

22    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

23    outweighed its risks.

24

### Fiftieth Defense

25    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

26    collateral sources.

27

### Fifty-first Defense

28    51.    Defendants' liability, if any, can only be determined after the percentages of

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

2  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

3  claimants and each and every other person whose fault could have contributed to the alleged

4  injuries and damages, if any, of Plaintiffs .

5  **Fifty-second Defense**

6  52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

7  common law gives deference to discretionary actions by the United States Food and Drug

8  Administration under the Federal Food, Drug, and Cosmetic Act.

9  **Fifty-third Defense**

10  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

11  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

12  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

13  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

14  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

15  and with the specific determinations by FDA specifying the language that should be used in the

16  labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

17  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

18  United States.

19  **Fifty-fourth Defense**

20  54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

21  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

22  **Fifty-fifth Defense**

23  55.    Defendants state on information and belief that the Complaint and each purported cause

24  of action contained therein is barred by the statutes of limitations contained in California Code

25  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

26  as may apply.

27  **Fifty-sixth Defense**

28  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

by Plaintiffs  were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

### Fifty-ninth Defense

59.    Plaintiffs' claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

### Sixtieth Defense

60.    Bextra® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiff and Decedent, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

### Sixty-first Defense

61.    Plaintiffs' and Decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs and Decedent, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.  Thus, Defendants are entitled to have its liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.   The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

**Sixty-second Defense**

62.   Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

**Sixty-third Defense**

63.   FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

**Sixty-fourth Defense**

64.   The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.   Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

**Sixty-fifth Defense**

65.   Plaintiffs lack standing because Defendants did not engage in deceptive conduct with regard to Plaintiffs or Decedent or otherwise.

**Sixty-sixth Defense**

66.   Plaintiffs' claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

**Sixty-seventh Defense**

67.   Plaintiffs' fraud based claims, if any, are not stated with particularity as required by Rule 9 of the Arkansas Rules of Civil Procedure.

**Sixty-eighth Defense**

68.   Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to Plaintiffs and Decedent and to nonparties as provided by Ark. Code Ann. § 16-55-202.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Sixty-ninth Defense**

69.     Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products Liability Act, Ark. Code Ann. § 16-116-101, et seq.

**Seventieth Defense**

70.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, et seq.

**Seventy-first Defense**

71.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs' claims are barred because Defendants did not make or breach any express or implied warranties, Plaintiffs and Decedent failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

**Seventy-second Defense**

72.     Any verdict or judgment rendered against Defendant must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs and Decedent may have settled their claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs or Decedent and any such parties.

**Seventy-third Defense**

73.     Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

**Seventy-fourth Defense**

74.     Defendant asserts that Plaintiffs' claim for punitive damages is governed and limited by

1    Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the

2    same.

3    **Seventy-fifth Defense**

4    75.    Bextra® and the Defendants' actions conformed to the state of the art medical and

5    scientific knowledge at all times relevant to this lawsuit and Bextra® complied with applicable

6    product safety statutes and regulations as described in Restatement (Third) of Torts: Products

7    Liability § 4.

8    **Seventy-sixth Defense**

9    76.    Defendants satisfied their duty to warn under the learned intermediary doctrine and

10   Plaintiffs' claims are therefore barred.

11   **Seventy-seventh Defense**

12   77.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and

13   hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

14   **Seventy-eighth Defense**

15   78.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join,

16   complete relief cannot be accorded to those already parties to the action and will result in

17   prejudice to Defendant in any possible future litigation.

18   **Seventy-ninth Defense**

19   79.    Any judicially-created definitions of manufacturing defect and design defect, and

20   standards for determining whether there has been an actionable failure to ward, are

21   unconstitutional in that, among other things, they are void for vagueness and undue burden on

22   interstate commerce, as well as an impermissible effort to regulate in an area that previously has

23   been preempted by the federal government.

24   **Eightieth Defense**

25   80.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

26   Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any

27   award of punitive damages is barred.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Eighty-first Defense**

81.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

**Eighty-second Defense**

82.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

**V.**

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

1   March 26, 2008                              GORDON & REES LLP

2

3                                              By: : _____/s/_____

4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
5                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
6                                                  San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
7                                                  Fax:  (415) 986-8054

8   March 26, 2008                              TUCKER ELLIS & WEST LLP
                                               .
9

10                                             By: : _____/s/_____

11                                                 Michael C. Zellers
12                                                 michael.zellers@tuckerellis.com
                                                   515 South Flower Street, Suite 4200
13                                                 Los Angeles, CA  90071-2223
                                                   Telephone:  (213) 430-3400
14                                                 Fax:  (213) 430-3409

15                                                 Attorneys for Defendants
16                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
17                                                 LLC

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-50-

**JURY DEMAND**

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

March 26, 2008                                    GORDON & REES LLP


By: : _____/s/_____

                                                  Stuart M. Gordon
                                                  sgordon@gordonrees.com
                                                  Embarcadero Center West
                                                  275 Battery Street, 20th Floor
                                                  San Francisco, CA 94111
                                                  Telephone: (415) 986-5900
                                                  Fax: (415) 986-8054


March 26, 2008                                    TUCKER ELLIS & WEST LLP


By:_____/s/_____
                                                  Michael C. Zellers
                                                  michael.zellers@tuckerellis.com
                                                  515 South Flower Street, Suite 4200
                                                  Los Angeles, CA 90071-2223
                                                  Telephone: (213) 430-3400
                                                  Fax: (213) 430-3409

                                                  Attorneys for Defendants
                                                  PFIZER INC., PHARMACIA
                                                  CORPORATION, AND G.D. SEARLE
                                                  LLC